# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

KRISTA CLAIRE KELLNER,

    Plaintiff,

vs.

UNIVERSITY OF NORTHERN IOWA, BLACK HAWK COUNTY, IOWA, TONY THOMPSON, Sheriff of Black Hawk County, DANA JAEGER and JOHN AND JANE DOES 1-5,

    Defendants.

No. 14-CV-2004-LRR

**ORDER**

_____

## TABLE OF CONTENTS

*I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2*

*II.  PROCEDURAL HISTORY.. . . . . . . . . . . . . . . . . . . . . . . . . . . 2*

*III. FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . 3*

    *A.   Parties.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3*
    *B.   Overview of the Dispute. . . . . . . . . . . . . . . . . . . . . . . . . 4*

*IV. SUBJECT MATTER JURISDICTION. . . . . . . . . . . . . . . . . . . . 4*

    *A.   Original Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . 4*
    *B.   Supplemental Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . 5*

*V.   STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . 6*

*VI. ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8*

    *A.   § 1983 Claims against UNI. . . . . . . . . . . . . . . . . . . . . . . 8*
    *B.   § 1983 Claim against Officer Jaeger in his Individual Capacity. . . . 8*
    *C.   Negligence claim against Officer Jaeger. . . . . . . . . . . . . . . 10*
        *1.   Parties' arguments. . . . . . . . . . . . . . . . . . . . . . 10*
        *2.   Applicable law. . . . . . . . . . . . . . . . . . . . . . . . . 10*
        *3.   Application. . . . . . . . . . . . . . . . . . . . . . . . . . . 11*
    *D.   Negligence claim against UNI and the State of Iowa. . . . . . . . 12*
        *1.   Parties' arguments. . . . . . . . . . . . . . . . . . . . . . 12*

        2.      *Applicable law.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*
        3.      *Application.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*
**VII. CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *14*

## *I. INTRODUCTION*

The matter before the court is Defendants University of Northern Iowa ("UNI") and Officer Dana Jaeger's (collectively, "UNI Defendants") Motion to Dismiss ("Motion") (docket no. 9), filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## *II. PROCEDURAL HISTORY*

On December 9, 2013, Plaintiff Krista Claire Kellner filed a three-count Petition ("Complaint") (docket no. 6) in the Iowa District Court for Black Hawk County, Case No. LACV 123522. In Count I of the Complaint, which Kellner brings pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1997, she alleges that UNI; Black Hawk County, Iowa; Black Hawk County Sheriff Tony Thompson; Officer Dana Jaeger and John and Jane Does 1-5 (collectively, "Defendants") were deliberately indifferent to Kellner's "obvious and serious medical risks," in violation of the Eighth and Fourteenth Amendments to the United States Constitution. In Count II of the Complaint, which Kellner also brings pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1997, Kellner alleges that UNI, Black Hawk County and Sheriff Thompson had policies, customs or habits of providing inadequate medical care, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. In Count III of the Complaint, Kellner asserts that the peace officers acting in the course of employment for UNI and the deputies and nurses acting in the course of employment for Black Hawk County and Sheriff Thompson were negligent in exercising their duty of care when treating Kellner. Kellner seeks general and special damages against Defendants for all counts, but she does not seek prospective or injunctive relief.

On January 14, 2014, Defendants removed the action to this court on the basis of federal question jurisdiction. Notice of Removal (docket no. 2). On January 24, 2014, UNI Defendants filed the Motion. On February 10, 2014, Kellner filed a Resistance

(docket no. 10). On February 18, 2014, UNI Defendants filed a Reply (docket no. 11). On that same date, Defendants Black Hawk County and Sheriff Thompson (collectively, "Black Hawk County Defendants") filed a Response (docket no. 12) indicating that they were not involved in the issues raised by UNI Defendants in their Motion but noting that they cooperated in the removal of this matter to this court and that they intended to defend this matter in this court, regardless of the resolution of the Motion.[1]

## III. FACTUAL BACKGROUND

The facts, as set forth in the Complaint, are as follows:

### A. Parties

Plaintiff Kellner is a citizen of the State of Iowa who resided in Black Hawk County, Iowa, during all times relevant to this matter.

Defendant UNI is a university in the State of Iowa, which is governed by the Iowa Board of Regents. The Iowa Board of Regents is a legislatively created body whose members are appointed by and answerable to the Governor of Iowa and which is statutorily charged with governing facilities and personnel, including those at UNI.

Defendant Officer Dana Jaeger was employed by UNI as a public safety officer during all times relevant to this matter.

Defendant Black Hawk County, Iowa is a county in Iowa.

Defendant Tony Thompson is the Sheriff of Black Hawk County, Iowa, and was the Sheriff of Black Hawk County during all times relevant to this matter. Kellner sues Sheriff Thompson in his individual and official capacities.

Kellner does not know the identities of Defendants John and Jane Does 1-5.

---

[1] The Black Hawk County Defendants filed an Answer and Affirmative Defenses (docket no. 8) on January 23, 2014.

3

### B. Overview of the Dispute

Kellner claims as follows:

On December 10, 2011, when the temperature was below zero degrees Fahrenheit, Kellner fell, injured her head and lost her shoes. Eventually, Officer Jaeger found Kellner, but Officer Jaeger did not address that Kellner was not wearing any shoes. After Officer Jaeger and John and Jane Does 1-5 detained Kellner in a police car without adequate heat and without any covering for her feet, they took Kellner to the Black Hawk County Jail where she was still not given care for her feet. Kellner was released the following day, but she suffered permanent damage to her feet because they had been exposed to cold temperatures.

## IV. SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction," and the threshold requirement in every federal case is jurisdiction. *Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). "Any party or the court may, at any time, raise the issue of subject matter jurisdiction." *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004) (citations omitted). "Without jurisdiction[, a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co.*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

### A. Original Jurisdiction

Original subject matter jurisdiction can be established in two ways: (1) by alleging a claim arising under federal law, *see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); or (2) by alleging diversity of citizenship between the parties. *See*

28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . (1) citizens of different States; [and] (2) citizens of a State and citizens or subjects of a foreign state . . . .").

At the time of removal, the court had federal question jurisdiction over Kellner's 42 U.S.C. § 1983 claims, which allege that Defendants violated Kellner's Eighth and Fourteenth Amendment rights by being deliberately indifferent to her "serious medical risks" (Count I) and that UNI, Black Hawk County and Sheriff Thompson had policies, customs or habits of providing inadequate medical care in violation of the Eighth and Fourteenth Amendments to the United States Constitution (Count II). *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## B. Supplemental Jurisdiction

If a court has original jurisdiction over at least one claim in the complaint, the court may then, under certain circumstances, exercise supplemental jurisdiction over additional claims for which it does not have original jurisdiction if the claims "form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). Thus, before determining whether the court may exercise supplemental jurisdiction, the court must first determine whether it has original jurisdiction over at least one claim. *Myers v. Richland Cnty.*, 429 F.3d 740, 748 (8th Cir. 2005). The applicable code provision states:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

Supplemental jurisdiction over state law claims is appropriate "whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1067 (8th Cir. 1996) (alteration in original) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988)) (internal quotation marks omitted). Claims arise from a common nucleus of operative fact when they are "factually interdependent." *Myers*, 429 F.3d at 746 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

As discussed above, the court had "original jurisdiction over at least one claim," *Myers*, 429 F.3d at 748, and Kellner's negligence claim and § 1983 claims, at the time of removal, "derive[d] from a common nucleus of operative fact and [were] such that [Kellner] would ordinarily be expected to try them all in one judicial proceeding, *Kan. Pub. Emps. Ret. Sys.*, 77 F.3d at 1067 (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 349) (internal quotation marks omitted). Although the § 1983 constitutional claims and negligence claim are not one in the same and the defenses applicable to each claim differ, these claims are certainly "factually interdependent," *Myers*, 429 F.3d at 746 (quoting *Kokkonen*, 511 U.S. at 379-80), and, therefore, form part of the same case or controversy. Accordingly, at the time of removal, the court had supplemental jurisdiction over Kellner's negligence claim against UNI Defendants and Black Hawk County Defendants.

## V. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl.*, 550 U.S. at 556).

Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl.*, 550 U.S. at 555) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*, 550 U.S. at 555). "Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).[2]

---

[2] The court notes that "[a] motion to dismiss for lack of jurisdiction under [Federal Rule of Civil Procedure 12(b)(1)] which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under [Federal Rule of Civil Procedure 12(b)(6)]." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); *see also Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013) (discussing standard of review); *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520-21 (8th Cir. 2007) (same).

## VI. ANALYSIS

### A. *§ 1983 Claims against UNI*

In the Motion, UNI Defendants assert that UNI is an entity of the State of Iowa and may not be sued under 42 U.S.C. § 1983. UNI Defendants also argue that Officer Jaeger may not be sued in his official capacity under § 1983 because he was a state official acting in his official capacity.

In the Resistance, Kellner "acquiesces to the dismissal of the § 1983 claim against UNI" and states that she "has not asserted a claim against [Officer] Jaeger in his official capacity." Brief in Support of Resistance (docket no. 10-1) at 2.

Accordingly, the court shall dismiss Kellner's § 1983 claims against UNI. Since Kellner states that she is not pursuing a § 1983 claim against Officer Jaeger in his official capacity, the only potentially remaining claims against UNI Defendants are a § 1983 claim against Officer Jaeger in his individual capacity and a negligence claim against Officer Jaeger and UNI. Kellner continues to have claims against Black Hawk County Defendants that are not subject to this Motion, including § 1983 claims against Black Hawk County, Sheriff Tony Thompson in his official and individual capacities and John and Jane Does 1-5, and a negligence claim against Black Hawk County and Sheriff Thompson.

### B. *§ 1983 Claim against Officer Jaeger in his Individual Capacity*

Apparently, at one point, UNI Defendants thought Kellner sued Officer Jaeger under § 1983 in both his official and individual capacities. *See* Brief in Support of Motion at 1 ("[Kellner] has brought claims against . . . [Officer] Jaeger . . . in both his official and individual capacity.").

In the Resistance, Kellner argues that the court has supplemental jurisdiction over the negligence claim against UNI Defendants because the negligence claim forms part of the same case and controversy as Kellner's § 1983 claim against Officer Jaeger in his individual capacity.

8

In the Reply, UNI Defendants change course and argue that Kellner improperly pled her § 1983 claim against Officer Jaeger in his individual capacity. Accordingly, UNI Defendants argue that the court should dismiss the negligence claim against UNI Defendants because "there are no claims remaining in this case over which the [c]ourt has original jurisdiction." Reply at 3.

A careful review of the Complaint leads to the conclusion that Kellner did *not* specify she is suing Officer Jaeger in his individual capacity. In the Eighth Circuit, it is clear that in a § 1983 case, "[i]f the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998). Although Kellner specifically sued Sheriff Thompson "in his individual and official capacities," Complaint ¶ 6, she never specifically states that she is suing Officer Jaeger in his individual capacity, *see id.* ¶¶ 8, 13.

However, pursuant to Local Rule 7(g), the permissible reasons for filing a reply brief are "to assert newly-decided authority or to respond to new and unanticipated arguments made in the resistance." LR 7(g). UNI Defendants' argument that Kellner failed to properly plead her § 1983 claim against Officer Jaeger in his individual capacity certainly does not fall into one of these categories. UNI Defendants cannot assert a new argument in a reply brief. Accordingly, the court need not consider the portions of the Reply that argue that Kellner did not properly plead her claim against Officer Jaeger in his individual capacity and, therefore, there is no motion before the court to dismiss any potential § 1983 claim asserted by Kellner against Officer Jaeger in his individual capacity. Moreover, the court declines to prospectively dismiss, *sua sponte*, any potential § 1983 claim asserted by Kellner against Officer Jaeger in his individual capacity, even though the claim is, as of now, improperly pled. If Kellner wishes to amend her pleading to assert a § 1983 claim against Officer Jaeger in his individual capacity, she must request the

court's leave pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 15. The court notes that, as of now, Kellner has not asserted a claim against Officer Jaeger in his individual capacity. Therefore, the only remaining potential claim against UNI Defendants would be a negligence claim against Officer Jaeger and UNI. The court now turns to analyze the negligence claim against Officer Jaeger.

### C. *Negligence claim against Officer Jaeger*

#### 1. *Parties' arguments*

UNI Defendants first contend that the State of Iowa should be substituted in Officer Jaeger's place with respect to Kellner's negligence claim against Officer Jaeger because the Iowa Attorney General certified that Officer Jaeger was acting within the scope of his employment as a state employee at all relevant times. *See* Certification of Scope of Employment, UNI Defendants' Exhibit B (docket no. 9-2).

Kellner does not squarely address UNI Defendants' contention in the Resistance, but she does state that "[t]he facts alleged in the § 1983 claim against Officer Jaeger[3] clearly form part of the same controversy and case as the negligence action against Officer Jaeger and UNI regardless of whether or not the State of Iowa is substituted as a party in either of their places." Brief in Support of Resistance at 4-5 (footnote added). This statement seems to suggest that Kellner continues to pursue her negligence claim against Officer Jaeger and UNI.

#### 2. *Applicable law*

"The doctrine of sovereign immunity dictates that a tort claim against the state or an employee acting within the scope of his office or employment with the state must be brought, if at all, pursuant to [the Iowa Tort Claims Act]." *Dickerson v. Mertz*, 547 N.W.2d 208, 213 (Iowa 1996). Section 669.5(2)(a) of the Iowa Tort Claims Act states:

---

[3] As discussed above, Kellner has not yet adequately pled a § 1983 claim against Officer Jaeger in his individual capacity.

> Upon certification by the attorney general that a defendant in a suit was an employee of the state acting within the scope of the employee's office or employment at the time of the incident upon which the claim is based, the suit commenced upon the claim shall be deemed to be an action against the state under the provisions of this chapter, and if the state is not already a defendant, the state shall be substituted as the defendant in place of the employee.

Iowa Code § 669.5(2)(a). "[A]s long as the employee was acting within the scope of employment at all relevant times, the suit is deemed to be an action against the state." *Jones v. University of Iowa*, 836 N.W.2d 127, 141 (Iowa 2013) (citing Iowa Code § 669.5(2)). Pursuant to Iowa Code § 669.2(1), an employee is "[a]cting within the scope of the employee's office or employment" if the employee "act[s] in the employee's line of duty as an employee of the state." Iowa Code § 669.2(1).

### 3. Application

The court concludes, and the parties do not dispute, that Officer Jaeger was acting within the scope of his employment during all relevant times. *See* Complaint ¶ 13 ("Defendant [Officer] Jaeger was, at all times relevant, a certified peace officer pursuant to Chapter 80 of the Iowa Code and was acting in such capacity."). Accordingly, since the state is not already a defendant, the State of Iowa shall be substituted as a defendant in place of Officer Jaeger.[4]

---

[4] The court declines to address, as did the Supreme Court of Iowa in *Jones*, whether the Attorney General's certification that Officer Jaeger was acting in his scope of employment is "conclusive and binding on the court," *Jones*, 836 N.W.2d at 142, because the parties agree that Officer Jaeger was acting in the scope of his employment and the facts do not indicate otherwise.

### D. Negligence claim against UNI and the State of Iowa

#### 1. Parties' arguments

Although the court concludes that it had original jurisdiction or supplemental jurisdiction over all of Kellner's claims at the time of removal, UNI Defendants contend that supplemental jurisdiction no longer exists over Kellner's negligence claim against UNI Defendants—which, as discussed above, are now UNI and the State of Iowa with respect to the negligence claim—because the court does not have original jurisdiction over the negligence claim and because it no longer has supplemental jurisdiction over the negligence claim. UNI Defendants argue that "there is no claim against [UNI] pursuant to which the [c]ourt could take supplemental jurisdiction of the negligence claim." Brief in Support of Motion (docket no. 9-3) at 3.

In the Resistance, Kellner argues that the court has supplemental jurisdiction over her negligence claim against UNI Defendants because Defendants acknowledged in the Notice of Removal that "[t]his Court has supplemental jurisdiction over [Kellner's] negligence claim pursuant to 28 U.S.C. § 1367(a)." Brief in Support of Resistance at 2 (alteration in original) (quoting Notice of Removal at 2) (internal quotation marks omitted). Kellner asserts that the court should consider Defendants' statement in the Notice of Removal as a judicial admission since they have not withdrawn or amended the Notice of Removal. Alternatively, if the court does not consider Defendants' statement in the Notice of Removal as a judicial admission, Kellner argues that no grounds exist for the court to dismiss her negligence claim against UNI Defendants. Kellner concedes that the court may not have original jurisdiction over any remaining claims brought specifically against UNI, but she argues that this "does not mean that the [c]ourt cannot exercise supplemental jurisdiction over parties not named in the federal controversy conferring original jurisdiction." *Id.* at 3.

*2.  Applicable law*

28 U.S.C. § 1367(a) provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

Pursuant to 28 U.S.C. § 1367(c), "[t]he district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .":

> (1)  the claim raises a novel or complex issue of State law,
>
> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)  the district court has dismissed all claims over which it has original jurisdiction,
>
> (4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

*3.  Application*

With regard to UNI Defendants' claim that the court does not have supplemental jurisdiction over Kellner's negligence claim against UNI and the State of Iowa and that, if it does, it should decline to exercise supplemental jurisdiction, the court finds that it does have supplemental jurisdiction and chooses to exercise it.  Although Kellner, at this point, has no claim against UNI, Officer Jaeger or the State of Iowa upon which the court has original jurisdiction, the court still has original jurisdiction over the § 1983 claims against the joined parties, Black Hawk County Defendants.  These claims form part of the same

13

"case or controversy," 28 U.S.C. § 1367(a), as the negligence claim asserted against UNI and the State of Iowa, which grants the court the authority to exercise supplemental jurisdiction. Moreover, the court finds that none of the factors outlined in 28 U.S.C. § 1367(c) counsel against the court exercising supplemental jurisdiction at this point in the proceedings.

## VII. CONCLUSION

In light of the foregoing, Defendants University of Northern Iowa and Officer Dana Jaeger's Motion to Dismiss (docket no. 9) is **GRANTED IN PART** and **DENIED IN PART**, in accordance with the following:

(1) Krista C. Kellner's § 1983 claims (Counts I and II) against University of Northern Iowa are **DISMISSED**.

(2) The State of Iowa is substituted for Officer Dana Jaeger with respect to Krista C. Kellner's negligence claim. The Clerk of the Court is **DIRECTED** to add the State of Iowa as a defendant in this action and remove Officer Dana Jaeger.

(3) Krista C. Kellner's negligence claim against the State of Iowa and University of Northern Iowa **REMAINS** a part of this action.

(4) The Defendants in the caption of this case are now:

UNIVERSITY OF NORTHERN IOWA, BLACK HAWK COUNTY, IOWA, TONY THOMPSON, Sheriff of Black Hawk County, JOHN AND JANE DOES 1-5 and the STATE OF IOWA.

**IT IS SO ORDERED.**

**DATED** this 5th day of March, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA