IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| KRISTA CLAIRE KELLNER,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF NORTHERN IOWA, BLACK HAWK COUNTY, IOWA, TONY THOMPSON, Sheriff of Black Hawk County, DANA JAEGER, in his individual capacity, JOHN AND JANE DOES 1-5, and the STATE OF IOWA,<br><br>Defendants. | No. C14-2004<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the Motion for Summary Judgment (docket number 22) filed by Defendants Black Hawk County and Tony Thompson on May 1, 2014. Plaintiff has not filed a response to the motion, and the time for doing so has now expired. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. PROCEDURAL HISTORY

On December 9, 2013, Krista Claire Kellner filed a petition at law in the Iowa District Court for Black Hawk County, naming as Defendants the University of Northern Iowa ("UNI"), Black Hawk County, Iowa, Tony Thompson (the sheriff of Black Hawk County), Dana Jaeger (a public safety officer with UNI), and John and Jane Does 1-5. The action was removed to this Court on January 13, 2014. On January 23, Defendants Black Hawk County and Tony Thompson (collectively, the "Black Hawk County Defendants") filed an answer and affirmative defenses. On January 24, Defendants UNI and Dana Jaeger (collectively, the "UNI Defendants") filed a motion to dismiss.

On March 5, 2014, Chief Judge Linda R. Reade filed an Order granting the UNI Defendants' motion to dismiss in part, and denying it in part. *See* docket number 13. Judge Reade also ordered that the State of Iowa be substituted for Officer Jaeger with respect to Plaintiff's negligence claim. The UNI Defendants (including the State of Iowa) filed an answer on March 24.

On March 25, 2014, Plaintiff filed a first amended complaint. The amended complaint asserts three causes of action. The first cause of action, directed against the Black Hawk County Defendants and Jaeger, asserts "deliberate indifference" in affording Plaintiff medical care. The second cause of action, directed to the Black Hawk County Defendants only, asserts that the "policies, customs, or habits" of providing medical care to pretrial detainees at the Black Hawk County Jail violated Plaintiff's rights under the Eighth and Fourteenth Amendments. The third cause of action, directed to the Black Hawk County Defendants and the State of Iowa, asserts Plaintiff's medical care provided by UNI officers and Black Hawk County officers was negligent.

On April 4, 2014, the Black Hawk County Defendants filed an answer admitting certain allegations and denying others, and asserting certain affirmative defenses. On May 30, the UNI Defendants filed an answer to Plaintiff's first amended complaint. On June 6, the UNI Defendants filed an amended answer to Plaintiff's amended complaint.

On May 1, 2014, Defendants Black Hawk County, Iowa and Thompson filed a Motion for Summary Judgment. On May 28, Plaintiff filed a Motion for Extension of Time to Respond to Motion for Summary Judgment. The motion was granted and the deadline for Plaintiff to file a resistance was extended to July 28. To date, Plaintiff has not filed any resistance to Defendants' motion for summary judgment.

On July 10, 2014, Plaintiff's attorney filed a motion to withdraw as attorney, citing ethical conflicts. On July 16, the Court granted the motion, and encouraged Plaintiff to promptly obtain substitute counsel. The Court also reminded Plaintiff that a response to

the motion for summary judgment was due by July 28. To date, Plaintiff has not obtained new counsel.

Meanwhile, on May 21, 2014, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Also at that time, the case was referred to me for the conduct of all further proceedings and the entry of judgment, in accordance with 28 U.S.C. § 636(c) and the consent of the parties.

## II. RELEVANT FACTS

In support of their Motion for Summary Judgment, Black Hawk County and Tony Thompson attached a statement of undisputed facts, in compliance with FEDERAL RULE OF CIVIL PROCEDURE 56(c) and Local Rule 56.a.3. *See* docket number 22-2. Plaintiff Krista Kellner has not filed any response to the statement of undisputed facts, despite Local Rule 56.b.2 requiring her to do so. Because Kellner did not respond to the statement of undisputed facts, as required by FED. R. CIV. P. 56(c), the Court may consider the facts undisputed for purposes of the motion for summary judgment. *See* Fed. R. Civ. P. 56(e)(2). *See also Libel v. Adventure Lands of America, Inc.*, 482 F.3d 1028, 1032 (8th Cir.2007). Accordingly, the facts underlying the motion are these:

On Sunday, December 11, 2011, at approximately 3:25 a.m., a report was made to the UNI police department regarding "questionable activity" of a female in one of UNI's parking lots. UNI Officers Jaeger and Walderbach responded to the scene. When they arrived at 3:26 a.m., they found Kellner with a bloody nose and lip. Accordingly, at 3:30 a.m., they requested an ambulance. The ambulance arrived at approximately 3:39 a.m., but ambulance personnel concluded that Kellner did not require transport, and Kellner refused transport or medical care.

According to the incident report, Officers could smell a very strong odor of alcohol coming from Kellner, and her eyes were bloodshot and watery. A preliminary breath test revealed a blood alcohol content of .166. Officers took Kellner to her residence "to see

if she could be released to a friend," but no one answered. Kellner could not contact her roommate and refused to make any phone calls. She was arrested at 3:57 a.m. for public intoxication. After the paperwork was completed, she was transported to the Black Hawk County Jail. Kellner was booked into the Black Hawk County Jail at 6:42 a.m. Kellner was released at 9:48 a.m. following an initial appearance.

Kellner never reported any injury to the ambulance crew, to police officers, or to any staff at the Black Hawk County Sheriff's Office. If she had reported any injury, she would have been examined by a contract nurse. In the process of booking, Kellner had to stand and walk around in the presence of jail staff. Despite this, there is no report of Kellner complaining about her feet, or any observation of Kellner having difficulty with her feet.

More than 12 hours later, at approximately 10:49 p.m. on the same day, Kellner went to a hospital emergency room complaining of a "tingling sensation" in her feet, making it difficult to walk. An exam found no evidence of frostbite or injury to her feet. Her examining physician, Dr. Thomas Kafka, reported that:

> Exam of feet shows no evidence of infection, you have no fever and your white blood cell count is normal. There is no evidence of frostbite. You are not anemic and your kidney function tests are normal as are the sodium and potassium. The blood sugar was 176 mg %. You can have abnormal sensation (Paresthesiias) in the feet from diabetes and hypothyroidism. The circulation in the feet is normal. You may consider taking Ibuprofen 600 mg every 6 hours for pain. Follow up with your doctor in the next 1-3 days if persistent discomfort.

(Docket 22-3, page 54.)

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter

of law." FED. R. CIV. P. 56(a). A genuine dispute as to a material fact "'exists if a reasonable jury could return a verdict for the party opposing the motion.'" *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010) (quoting *Humphries v. Pulaski County Special School District*, 580 F.3d 688, 692 (8th Cir.2009)). A fact is a "material fact" when it "might affect the outcome of the suit under the governing law. . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to establish the existence of a genuine dispute as to a material fact, the non-moving party "'may not merely point to unsupported self-serving allegations.'" *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir.2008) (quoting *Bass v. SBC Communications, Inc.*, 418 F.3d 870, 872 (8th Cir.2005)). Instead, the non-moving party "'must substantiate [its] allegations with sufficient probative evidence that would permit a finding in [its] favor.'" *Anda*, 517 F.3d at 531 (quoting *Bass*, 418 F.3d at 873); see also *Anderson*, 477 U.S. at 248 (A nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party."). "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 578 (8th Cir.2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F .3d 803, 809 (8th Cir.2003)). The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Foundation of America, Inc.*, 450 F.3d 816, 820 (8th Cir.2006) (citing *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir.2006)).

## IV. DISCUSSION

Local Rule 56.c provides that "[i]f no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court." Kellner's timely response to Defendants' motion for summary judgment was due on July 28, 2014. To date, Kellner has not resisted Defendants' motion for summary judgment. The Court concludes that Defendants Black Hawk County and Thompson are entitled to

summary judgment on purely procedural grounds. *See* L.R. 56.c; FED. R. CIV. P. 56(e). Nevertheless, "[e]ven if a motion for summary judgment on a particular claim stands unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law on that claim." *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir.1993).

Kellner claims that she is entitled to recover from Black Hawk County and its sheriff because of "deliberate indifference" in affording her medical care, faulty "policies, customs, or habits" of providing medical care to pretrial detainees, and negligence in the provision of medical care. Specifically, Kellner asserts in her first amended complaint that after she was taken to the Black Hawk County Jail "she was still not given care for her feet." According to Kellner, when she "was released the following day she had suffered permanent damage to her feet because of exposure to the cold." Kellner's claim fails, however, for a simple reason. She offers absolutely no evidence to support her allegation.

Kellner was booked in to the Black Hawk County Jail at 6:42 a.m. and was released approximately three hours later, at 9:48 a.m. There is no report that Kellner complained about her feet while in the jail. Similarly, there is no report of anyone observing Kellner having difficulty with her feet. Prior to being transported to the Black Hawk County Jail, Kellner was examined by ambulance personnel. The EMS report noted that Kellner was "missing a shoe and has fallen a few times," but also noted that she was "able to move all extremities without difficulty." After being released from jail in mid-morning, Kellner went to a hospital emergency room late that evening, complaining of a "tingling sensation" in her feet. The examining doctor concluded, however, that the circulation in her feet was "normal," and specifically found that "there is no evidence of frostbite." In short, Kellner has failed to produce any evidence that she suffered an injury to her feet on December 11, 2011, let alone prove that the injury resulted from negligence or deliberate indifference by

jail personnel. Accordingly, the Court finds that the motion for summary judgment must be granted.

## V. ORDER

IT IS THEREFORE ORDERED that the Motion for Summary Judgment (docket number 22) filed by Defendants Black Hawk County and Tony Thompson is hereby **GRANTED**. The claims against Black Hawk County and Tony Thompson are **DISMISSED**.

The claims against Defendants Jaeger and the State of Iowa (the first and third causes of action) remain pending.

DATED this 5th day of August, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA